SADOWSKY v. ANDERSON, Collector of Internal Revenue.

District Court, S. D. New York. March 27, 1928.

Internal revenue ☞7(25)—Deduction from income tax of charitable contributions held limited to 15 per cent. of individual's net income, excluding part taxed as corporate income (Revenue Act 1918, §§ 210, 214, par. 11, 212–215, 232–236, 330 [Comp. St. §§ 6336⅛e, 6336⅛f – 6336⅛gg, 6336⅛oo – 6336⅛qq, 6336⅞₁₆l]).

Income of business received by owner prior to incorporation, which he elected to have taxed as income of corporation under Revenue Act 1918, § 330 (Comp. St. § 6336⅞₁₆l), held to have no effect in determining amount to which his charitable contributions could be deducted from balance of income, taxed as that of individual under section 214, par. 11 (Comp. St. § 6336⅛g [11]), phrase "15 per centum of the taxpayer's net income as computed without the benefit of this paragraph," in said paragraph 11, referring to net income of individual computed under sections 210, 212–215 (Comp. St. §§ 6336⅛e, 6336⅛f–6336⅛gg); corporation income tax being governed by sections 232–236 (Comp. St. §§ 6336⅛oo–6336⅛qq).

At Law. Action by Reuben Sadowsky against Charles W. Anderson, as Collector of Internal Revenue for the Third District of New York. On defendant's motion to dismiss complaint. Motion granted.

Stein & Salant, of New York City (Louis Salant, of New York City, of counsel), for plaintiff.

Charles H. Tuttle, U. S. Atty., of New York City (Samuel C. Coleman, Asst. U. S. Atty., of New York City, of counsel), for defendant.

THACHER, District Judge. On motion to dismiss complaint in action to recover income taxes alleged to have been wrongfully assessed. The taxpayer was the owner of a business which was incorporated June 26, 1919. He had other sources of income. With respect to the income of the business, he chose to be taxed for the year 1918 and that portion of the year 1919 prior to incorporation as if the income was that of a corporation. This was permitted by section 330 of the Revenue Act of 1918 (Comp. St. § 6336⅞₁₆l). The sole question presented is whether, in such a case, the deduction of charitable contributions is limited in amount to 15 per cent. of his net income, including or excluding that part of his income taxed as corporate income pursuant to section 330.

Under section 330 the net income of the business at the option of the taxpayer is to be taxed as the net income of a corporation is taxed under titles 2 and 3 (Comp. St. § 6336⅛a et seq.), and for this purpose net income and invested capital of the business are to be computed as if the business had been incorporated. All the provisions of titles 2 and 3 relating to corporations are made to apply. It follows that, in computing the income tax to be paid with respect to the income of the business, sections 232, 233, 234, 235, and 236 (Comp. St. §§ 6336⅛oo–6336⅛qq) must be followed, as they relate to corporations, and must control in so far as they differ from the provisions of sections 212, 213, 214, 215, and 216 (Comp. St. §§ 6336⅛f–6336⅛h), relating to individuals. Now the only authority for deducting charitable contributions is found in section 214, par. 11 (Comp. St. § 6336⅛g [11]), where the deduction is allowed "in computing net income" (214-a; Comp. St. § 6336⅛g [a]), "in the case of an individual" (212-a; Comp. St. § 6336⅛f [a]). "In computing the net income of a corporation subject to the tax imposed by section 230" (Comp. St. § 6336⅛nn), no such deduction is allowed (234-a; Comp. St. § 6336⅛pp [a]). The plain meaning of section 330 forbids the allowance of deductions not allowed in the case of corporations. It would be most unreasonable to construe section 330, which was manifestly intended to give the taxpayer the option of paying the tax imposed on corporate income, instead of the tax imposed on individual income, in such a way that the taxpayer may pay the corporate tax while retaining the benefit of deductions allowable only to individuals.

Therefore I think that the income which the taxpayer chose to have taxed under section 330, as corporate income is taxed, could have no effect in determining the amount to which his charitable contributions could be deducted from the balance of his income, which was taxed as income of an individual is taxed. The phrase "15 per centum of the taxpayer's net income as computed without the benefit of this paragraph," in paragraph 11 of section 214, obviously refers to the net income which is computed under sections 212, 213, 214, and 215 as the net income of an individual taxed under section 210 (Comp. St. § 6336⅛e). There is nothing in the act which warrants the extension of this phrase, so as to cover income computed and taxed under the sections relating to corporations. The generality of the words used does not authorize a construction which would defeat the obvious intention and scheme of the statute.

The complaint is accordingly dismissed, with costs.