## THALHIMER et al. v. COMMISSIONER OF INTERNAL REVENUE.

### THALHIMER BROS. v. SAME.
#### No. 3381.

Circuit Court of Appeals, Fourth Circuit.
Jan. 10, 1933.

Donald Horne, of Washington, D. C. (George E. Haw, of Richmond, Va., on the brief), for petitioners.

Helen R. Carloss, Sp. Asst. to Atty. Gen. (G. A. Youngquist, Asst. Atty. Gen., Sewall Key, Sp. Asst. to Atty. Gen., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and Stanley B. Pierson, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., on the brief), for respondent.

Before PARKER and SOPER, Circuit Judges, and CHESNUT, District Judge.

PARKER, Circuit Judge.

This is a petition to review a decision of the Board of Tax Appeals which determined against Thalhimer Bros., a partnership, a deficiency of income taxes for the year 1921. No point is made in the petition before us as to the merits of the determination. The petitioners are William B. Thalhimer, one of the partners and the executors of Isaac Thalhimer, the other partner now deceased. They say that they are "appearing specially" and for the sole purpose of contesting the jurisdiction of the Board of Tax Appeals to determine a deficiency against them. Their contentions are that the tax for 1921 was not imposed upon the partnership; that notice of deficiency was not properly sent to the partnership; that the appeal to the board was taken, not by the partnership, but by the corporation which succeeded it; and that the board was without jurisdiction to determine the deficiency because no appeal had been properly taken. We think that all of these contentions are wholly lacking in merit.

The facts are that in 1921 William B. and Isaac Thalhimer were partners engaged in the mercantile business in Richmond, Va., under the name of Thalhimer Brothers. In January, 1922, their business was incorporated under the name of Thalhimer Bros., Inc., the corporation taking over the assets and assuming the liabilities of the partnership. In March, 1922, a tax return was filed covering the business done in the tax year 1921. This return was made in the name of Thalhimer Bros., but was signed "Thalhimer Bros., Inc." by Isaac Thalhimer, president, and Irving May, treasurer. It is conceded that this return was made, and the tax determined, just as though the partnership were a corporation, pursuant to section 229 of the Revenue Act of 1921, 42 Stat. 227, 252, which provides: "Sec. 229. That in the case of the organization as a corporation within four months after the passage of this act of any trade or business in which capital is a material income-producing factor, and which was previously owned by a partnership or individual, the net income of such trade or business

from January 1, 1921, to the date of such organization may at the option of the individual or partnership be taxed as the net income of a corporation is taxed under Titles II and III; in which event the net income and invested capital of such trade or business shall be computed as if such corporation had been in existence on and after January 1, 1921, and the undistributed profits or earnings of such trade or business shall not be subject to the surtaxes imposed in section 211, but amounts distributed on and after January 1, 1921, from the earnings or profits of such trade or business accumulated after December 31, 1920, shall be taxed to the recipients as dividends; and all the provisions of Titles II and III relating to corporations shall so far as practicable apply to such trade or business."

On September 16, 1926, the Commissioner determined a deficiency in income and profits taxes as disclosed by the return and mailed a notice of deficiency addressed to Thalhimer Bros. A petition for the review of the deficiency asserted in this notice was filed with the Board on November 15, 1926; and assessment of the deficiency by the Commissioner was thus prevented. The petition was captioned in the name of Thalhimer Bros. It referred to the deficiency letter and appealed therefrom, attaching a copy thereof to the petition. It asked correction of alleged errors in the computation of taxes due for the business year 1921 during which, it will be remembered, the partnership, and not the corporation, was operating the business. It was signed and verified by the attorney who is now representing petitioners before this court, who appeared in all the hearings before the Board of Tax Appeals, and who, in his verification, stated that he was attorney for Thalhimer Brothers, the petitioner in the appeal. An amended petition filed January 10, 1929, raised the point that petitioner had no existence during the tax year 1921; but it, also, was captioned in the name of Thalhimer Brothers and prayed relief on the merits as to taxes assessed against Thalhimer Brothers for the year 1921.

We need not decide the question as to whether petitioners can ask us to review a proceeding before the Board of Tax Appeals to which they say that they were not parties; for it is perfectly clear that there is nothing either in their contention that taxes could not be assessed against the partnership under the act of 1921, or in their contention that no appeal was taken to the Board which would vest it with jurisdiction to decree the deficiency assessment of which they complain.

On the first proposition it is clear that it was the intention of Congress to tax the business of a partnership which availed itself of the provisions of section 229 of the act just as though it were a corporation. See Sadowsky v. Anderson (D. C.) 25 F.(2d) 1014, construing somewhat similar provisions of the act of 1918. In introducing the provisions of section 229 as amendment 354 of H. R. 8245, Senator Frelinghuysen said: "Mr. President, this simply provides that where a partnership or business desires to incorporate, and does so within four months after the passage of this act, they shall be taxed as to net income as if the corporation had been in existence on January 1, 1921; that is, they shall be taxed as a corporation and not as a partnership or incorporated business. An equalization of this character was put into the act of 1918 in reference to the excess-profits tax, and I think the amendment is perfectly fair and just. I have talked with the experts regarding it, and they say that the amount of loss of revenue is exceptionally small, less than $100,000, and that it is a perfectly just and fair request."

On the second proposition, we think it equally clear that the appeal to the Board was properly taken, and that the Board thereby acquired jurisdiction to assess the deficiency. As stated above, the tax was assessed against the business of the partnership; and the corporation which had succeeded to the assets and liabilities of the business was ultimately liable for its payment. That corporation by its officers had signed the tax return made in the name of the partnership; and, upon notice of deficiency assessment, its treasurer directed that petition for review be filed with the Board. This petition was filed in the name of the partnership by an attorney of good standing practicing before the Board; and the fact that the treasurer of the corporation directed that it be filed does not negative the presumption that this was done with the knowledge and approval of the partners, who owned the stock of the corporation and controlled its affairs, or that it was, as it professed to be, a petition by them. We think that the finding of the Board that the petition was filed in behalf of the partnership is sustained by the evidence, and that the Board acquired jurisdiction thereby to determine the deficiency.

The decision of the Board will be affirmed.

Affirmed.